IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| WILLIAM BOYD, | : |
|---|---|
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. 07-583-JJF |
| | : |
| KRISTA GARRETTSON, | : |
| | : |
| Defendant. | : |

## **MEMORANDUM OPINION AND ORDER**

### **I.  BACKGROUND**

Plaintiff, who appears pro se, filed suit this lawsuit against Defendant Krista Garrettson. (D.I. 2.) Plaintiff proceeds pro se and was granted leave to proceed in forma pauperis. On December 5, 2007, the Court dismissed the case for failure to state a claim upon which relief may be granted. (D.I. 7, 8.) Plaintiff now seeks reconsideration of the order dismissing his case. (D.I. 9, 10.)

### **II. STANDARD OF REVIEW**

The standard for obtaining relief under Rule 59(e) is difficult for Plaintiff to meet. The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). A motion for reconsideration may be granted if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order;

or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. <u>Max's Seafood Café v. Quinteros</u>, 176 F.3d 669, 677 (3d Cir. 1999).

A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. <u>See</u> <u>Glendon Energy Co. v. Borough of Glendon</u>, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." <u>Brambles USA, Inc. v. Blocker</u>, 735 F. Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." <u>Brambles USA</u>, 735 F. Supp. at 1241 (D. Del. 1990) (citations omitted); <u>See</u> <u>also</u> D. Del. LR 7.1.5.

## III. DISCUSSION

The Court dismissed Plaintiff's Complaint for a number of reasons. It consisted mostly of labels and conclusion, rather than providing ground for relief, it did not indicate under which statutes the action was filed, and the criminal statutes referred to by Plaintiff in the civil cover sheet did not provide Plaintiff, either explicitly or implicitly, private civil causes

2

of action.  In Plaintiff's Motion For Reconsideration, he now
claims that Defendant violated his right on the grounds of
antitrust laws.  (D.I. 9 at 3.)  He claims that Defendant
violated the Sherman Act, 15 U.S.C. §§ 1, 2, and that Defendant
committed embezzlement, extortion, identity theft, and bank fraud
to destroy Plaintiff and his companies.  The Sherman Act claim
was not alleged in Plaintiff's Complaint, and it appears
Plaintiff makes this new claim to vest this Court with
jurisdiction.

     Plaintiff does not meet the standard for reconsideration.
The Sherman Act claim was not pled in the original Complaint nor
was there a hint that Plaintiff meant to make such a claim.
Indeed, the Court did not err in dismissing Plaintiff's original
Complaint as it failed to state cognizable claims for relief.
Plaintiff may not use a motion for reconsideration as a means for
amendment since the purpose of a motion for reconsideration is to
correct manifest errors of law or fact or to present newly
discovered evidence.  Moreover, a motion for reconsideration may
not be used as a means to argue new issues that were inexcusably
not presented in the original Complaint.

     Plaintiff provides no valid reason for the Court to
reconsider its December 5, 2007 ruling.  There is no need to
correct a clear error of law or fact or to prevent manifest
injustice.  Plaintiff has not demonstrated any of the grounds

necessary to warrant reconsideration and, therefore, his motion will be denied.

THEREFORE, at Wilmington this $\underline{29}$ day of April, 2008, IT IS ORDERED that Plaintiff's Motion for Reconsideration (D.I. 9, 10) is **DENIED**.

UNITED STATES DISTRICT JUDGE

4